FOSTER v. KAMPMANN.

PROCESS—SERVICE ON FOREIGN CORPORATION—AFFIDAVITS.

> Service of process on defendant foreign corporation *held*, quashable as not having been made upon a person or in a manner authorized by law, where no showing, except such as was wholly hearsay, was made in opposition to its affidavit that it did no intrastate business in this State and had no one on whom service could be made herein and asserting one on whom service was made was not its agent (3 Comp. Laws 1929, § 14094).

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted June 9, 1937. (Docket No. 35, Calendar No. 39,461.) Decided October 4, 1937.

Action by Adaline Foster against Alma Kampmann and Zotos Corporation, a New York corporation. On motion of defendant Zotos Corporation to quash service of summons. Motion denied. Defendant Zotos Corporation appeals. Reversed.

*Payne & Payne,* for defendant Zotos Corporation.

NORTH, J. Defendant Kampmann is not concerned in this appeal. The other defendant and appellant is a foreign corporation and herein is designated defendant. Plaintiff's suit was started in the Wayne county circuit court by an alleged service of summons on the corporation, such service being made on one Margery Raymo. Defendant entered a special appearance and moved to quash the service on the ground that it had never transacted business in the State of Michigan, and that it did not have and never had had an employee, agent or representative

of any kind or in any capacity within the State of Michigan. The return or proof of service of process is not contained in the record; but in an affidavit by Charles O. Crain in opposition to the motion to quash the service alleged to have been made by him he sets forth:

"That he did * * * make service upon one Margery Raymo, who informed him that she was the Zotos Corporation's representative in the city of Detroit and State of Michigan, and that she accepted service of the summons on behalf of the Zotos Corporation."

On the contrary and in support of the motion to quash, defendant presented to the court the affidavit of its secretary, which we quote in part:

"That said Zotos Corporation does not now and never has transacted any intrastate business in the State of Michigan; that the said Zotos Corporation does not do or transact, nor has it ever done or transacted any business whatever in the State of Michigan, except that upon application made to the New York office of the said defendant it issues licenses to beauty shops in all States of the United States, including the State of Michigan, to use its patented method of permanently waving human hair and the devices and materials which are used in connection therewith; that said license agreements are executed in the State of New York by the said Zotos Corporation; that the said licenses are returned by mail to the said beauty shops throughout the United States; that the devices and materials used in the said Zotos method of permanently waving human hair are neither manufactured nor marketed by said Zotos Corporation; that said Zotos Corporation has never at any time had or maintained, nor does it now have or maintain a principal, or any other, office within the State of Michigan; that said Zotos

Corporation does not now have nor has it ever had any employee in the State of Michigan; that said Zotos Corporation maintains no stock of goods, no warehouse and no bank account within the State of Michigan; and that it owns no property of any kind therein. * * *

"That the only attempted or purported, or any, service of process in the above entitled action upon said Zotos Corporation was made by delivering to one Margery Raymo a copy of the summons in the above entitled action; that Margery Raymo is neither the agent, employee or representative of said Zotos Corporation."

From the foregoing it is made to appear that the attempted service on defendant of this summons was not upon a person or in a manner authorized by law. See 3 Comp. Laws 1929, § 14094. There was no showing made in opposition to that in support of defendant's motion to quash except such as was wholly hearsay. Such showing was without probative force. The motion to quash should have been granted. The order of the circuit judge, denying the motion, is set aside and held for naught; and the case remanded to the circuit court for entry of an order in accord herewith, quashing the alleged service on defendant. Costs to appellant.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.